# THE CAMPBELL FIRM PLLC

11 Broadway, Suite 615, New York, New York 10004
P: 212.267.3600; F: 212.267.3601
www.campbellfirm.com

Emily Campbell, Esq.
Managing Member
Cell: 646.734.0042
ecampbell@campbellfirm.com

December 16, 2025

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Gregory Castillo, et al. v. City of New York, et al., 25-CV-04022 (PKC) (PK)

Your Honor:

  The Campbell Firm PLLC represents Plaintiffs in this case. The letter motion dated December 12, 2025, that was filed on ECF on December 12, 2025, was inadvertently filed as an ex parte document. I communicated with the Clerk's Office yesterday regarding how to correct this mistake, as the filing was to be a regular entry that would be available to be viewed by all parties and so that all parties would have received notice of the entry.

  I spoke with several representatives in the Clerk's Office on December 15, 2025. Through my discussions, I was told that the error probably happened because I may have inadvertently chosen more than one event based on the drop-down choices. Apparently that can happen, and I will try to avoid that occurring in the future.

  A person identifying as Sonia advised me that the no one in the Clerk's Offiee is able to modify, delete, adjust, or make any change to the docket without direction from the Court. Respectfully, and upon the advice provided by Sonia, I am requesting that the restriction be lifted on the December 12, 2025 submission (for what I believe to be Docket Entry #19) so that all appearing parties can have access to the entry and so that it can be publicly viewed.

  I apologize for this administrative inconvenience. It was completely unintentional. Elissa Jacobs, Esq, representative of Muriel Goode-Trufant, Corporation Counsel of the City of New York, which is counsel for Defendant City of New York and Defendants Robert F. Alimena, Nadeem Khan, Juan P. Grullon, Fatima R. Monsour, Darrien A. Phillips and Sali N. Cerimi. is aware of the situation and is aware that I am taking steps to correct it. The letter was provided to her office on December 12, 2025 by email, and she confirmed that she was unable to see it on the docket.

      If the above is not a permissible way in which to address this issue, and if the Court requires me to resubmit the letter directly through the ECF system in order to consider the motion, please advise. If that is the case, I do not then know whether I would redate it and resubmit it as a second request for the issuance of the summons that is the subject of the December 12, 2025 letter motion; or whether I would leave the date as December 12, 2025, and identify it again as a first request and consider the one previously filed withdrawn; or whether I should handle the technicalities in some other manner as that the Court may direct. Any guidance you could provide me would be greatly appreciated.

      Thank you for consideration of this matter.

                                           THE CAMPBELL FIRM PLLC

                                By: _____
                                           Emily Campbell, Esq. (EC7702)